NO. 07-04-0347-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 28, 2004

_____

IN THE MATTER OF TONY GIBBS

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-760,757; HONORABLE MARK C. HALL, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Tony Gibbs, Jr., has given notice of appeal from a judgment that he engaged in delinquent conduct. The appellate court clerk received and filed the trial court clerk's record on August 16, 2004, and received and filed the trial court reporter's record on August 17, 2004.

Appellant has timely filed a notice of appeal, and the trial court has certified that appellant has the right of appeal. Further, the trial court has found appellant indigent and appointed appellate counsel. Appellant's brief was due on September 16, 2004. On

September 27, 2004, this court sent notice to appellant's counsel that the brief had not been filed. This notice further directed that appellant file a response by October 7, 2004, reasonably explaining the failure to file a brief. TEX. R. APP. P. 38.8. Appellant has not responded to the notice.

Accordingly, we abate the appeal and remand the cause to the trial court. TEX. R. APP. P. 38.8(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appointed counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the

supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than November 24, 2004.

Per Curiam